**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv6**

| | | |
|---|---|---|
| C. STEVEN YATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MEDICAL SPECIALTIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on the defendant's Motion for Redaction of Markman Transcript and to Seal the Unredacted Transcript. A party who seeks to seal any pleading must comply with Local Civil Rule 6.1 (W.D.N.C. 2009). The Local Civil Rule provides in relevant part as follows:

> **LCvR 6.1     SEALED FILINGS AND PUBLIC ACCESS.**
>
> (A) Scope of Rule. This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making. As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.
>
> (B) Filing Under Seal. No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.
>
> (C) Motion to Seal or Otherwise Restrict Public Access. A request by a party to file materials under seal shall be made by formal motion, separate and apart from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall set forth:
>
> > (1) a non-confidential description of the material sought to be sealed;
> >
> > (2) a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
> >
> > (3) unless permanent sealing is sought, a statement as to

-1-

          the period of time the party seeks to have the material
maintained under seal and as to how the matter is to
be handled upon unsealing; and

      (4)      supporting statutes, case law or other authority.

\* \* \*

(E)      Public Notice. No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C). Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24.

(F)      Orders Sealing Documents. Orders sealing or otherwise restricting access shall reflect consideration of the factors set forth in LCvR 6.1(C). In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted.

\* \* \*

L.Cv.R. 6.1(W.D.N.C. 2012). While defendant has not referenced the rule, the court takes notice that what defendant contends is "confidential information" is information protected from public disclosure as "trade secrets" as a matter of law, which would satisfy the requirements for sealing under the Local Civil Rules. See *The Economic Espionage Act*, 18 U.S.C. §§ 1831–39.

As reflected in the rule, the court is required to consider the factors contained in Local Civil Rule 6.1(C). The first factor is found in Local Civil Rule 6.1(C)(1), which requires that the parties adequately describe the materials sought to be sealed. The rule requires "a non-confidential description of the material sought to be sealed." L.Civ.R. 6.1(C)(1). The rule is intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed. The description contained in the motion is adequate.

The court next considers Local Civil Rule 6.1(C)(2), which requires "a statement as to why sealing is necessary and why there are no alternatives to filing under seal." L.Cv.R. 6.1(C)(2). Such statement has not been provided; however, the court understands that defendant seeks to seal portions of the transcript that contain trade secrets.

As to Local Civil Rule 6.1(C)(3), the are no provisions for sealing matters beyond the life of the case, inasmuch as case materials must be placed in the National Archives. If the parties believe at the conclusion of the case that such materials remain sensitive, they should move the

Clerk of Court to strike any such sensitive pleadings from the official court record.

Finally, the court has considered Local Civil Rule 6.1(C)(4), which requires the parties to provide citations of law supporting the relief they seek. While the motion contains no citations of current case law, such request is consistent with Media General Operations, Inc. v. Buchanan, 417 F.3d 424 (4th Cir. 2005), which held as follows:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. *Washington Post*, 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." *Goetz*, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal. *Goetz*, 886 F.2d at 66.

Id., at 429. The proposed sealing of the transcript in this matter would be consistent with current case law inasmuch as the materials involve matters of little public interest, inasmuch as they relate to a patent and/or unfair trade practices dispute between the parties to this action.

Having considered all of the factors provided in Local Civil Rule 6.1(C), the court will grant the Motion to Seal. Inasmuch as the time for public response has not run to this consent motion, the court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Redaction of Markman Transcript and to Seal the Unredacted Transcript (#44) is **GRANTED**, the unredacted transcript (#41) is **SEALED**, and the court reporter is instructed to redact the transcript of the Markman hearing as provided in Exhibit A (#44-1) to the instant motion.

The Clerk of Court is instructed to send a copy of this Order to Court Reporter Jackie Johnson.

Signed: October 16, 2012

Max O. Cogburn Jr.
United States District Judge