IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv006

| | |
|---|---|
| C. STEVEN YATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| Vs. ) | |
| ) | |
| MEDICAL SPECIALTIES, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion for Clarification and Reconsideration of Claim Construction Order.

I.     **Procedural Background**

As set forth in this court's Memorandum of Decision (#18) of June 6, 2011, plaintiff filed his Complaint in the North Carolina General Court of Justice, Case No. 10CVS24536 (Mecklenburg Co. Sup. Ct. 2010) and defendant filed a Notice of Removal on January 5, 2011 (#1). Defendant filed an Answer and Counterclaim on January 12 (#4), and plaintiff replied to the Counterclaim on February 1 (#5).

Defendant filed a Motion to Consolidate this matter with a parallel declaratory judgment action. See Medical Specialties, Inc. v. Yates, 3:11cv7 (W.D.N.C). This court issued a Memorandum, determined that defendant properly removed the case to federal court, that subject-matter jurisdiction exists and denied defendant's Motion to Consolidate. The court also made the following findings:

Following a pretrial conference on August 1, 2011, the court established a Patent Claim Construction Scheduling Order (#20), and the parties submitted Patent Claim Construction Briefs

1

(#s 28, 29, 32, 33). A Markman Hearing was held on July 30, 2012, after which the court requested that the parties submit proposed Orders.

The undersigned also participated in a telephone conference with the parties on August 10 and asked the parties to provide Supplemental Briefs addressing whether, if the '486 patent is narrowly construed, what features, if any, of the patent are used in defendant's ASO EVO or other models using ASO technology. Following the conference, each party submitted a Supplemental Brief and proposed Order (## 36, 42). After extensive deliberation, the court entered a Markman Order on December 18, 2012 (#49). Dissatisfied with parts of the court's order, defendant filed this motion on January 18, 2013. Plaintiff filed has filed a reply and defendant a response.

**II.      Analysis**

The court will deny defendant's motion. In support thereof, defendant cites portions of the court's June 6 Order and Markman Order out of context for contentions that the court was not then addressing. While defendant is correct in its contention that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case," Christianson v. Colt Indus. Ooperating Corp., 486 U.S. 800, 816 (1988), the issues before the court in the two referenced orders were very specific- namely (1) whether the court had subject matter jurisdiction over the matter; (2) whether to consolidate this action with defendant's declaratory judgment action; and (3) claim construction of the '486 patent. These were the issues and nothing else. However, defendant has taken language from these orders dealing with these specific issues, out of context, and cited it in support of arguments which this court has already denied. See Markman Order 5 (defendant has "parse[d] plaintiff's references

2

to the various ASO products" and the "court denies defendant's attempt to block plaintiff's claims in such a manner).

First, defendant claims the court's Markman Order is inconsistent with the established law of the case in that, as defendant argues, the court's June 6, 2011 Order (#18) limits plaintiff's second claim to whether the ASO EVO infringes the '486 patent. Pl. Memm. Supp. Mot. Clarification, January 18, 2013, ECF. No. 51. Specifically, plaintiff points to the following portion of the court's June 6 Order:

> Resolution of whether MSI had a legal obligation to pay Yates fees under the contract for devices developed after 1996 clearly turns on the resolution of a patent issue, to wit, whether the later developed devices are within the scope of claims embodies in the '486 patent, as made clear in paragraph 12(a) of the Complaint. While the court agrees with Yates that such issue may well not require a full-on Markman hearing, and could even be resolved through discovery, MSI properly removed this action as state tort law creates the causes of action, but the well-pleaded Complaint requires patent-law questions to be resolved.

Mem., p. 10.

But as stated above, the issue then before the court was 1: whether the court had jurisdiction and 2: whether to consolidate the case with the parallel declaratory judgment action. A review of the record indicates that defendants have made this very same argument at least twice before, once in the Markman Hearing, Hr'g Tr., July 30, 2012, 45:5-6, ECF No. 41, and then again in their supplemental brief to the Markman hearing, Responsive Claim Construction Brief , Aug. 31, 2012, ECF No. 42. The court has declined to so limit plaintiff's claim and will decline to do so today. See Markman Order 5. To the extent that allegations in plaintiff's second claim for relief extend beyond the scope of 1338(a) and the court's original jurisdiction, the court will exercise its authority under 28 U.S.C. § 1367 to keep those parts of the second claim as well.

3

Defendant's second point of contention revolves around another innocuous statement in the court's Markman Order regarding the scope of the Settlement Agreement as it might pertain to the ASO EVO. As the court made clear, the sole issue before the court was claim construction; the order was "not intended to bind the court or the parties as to plaintiff's breach of contract claim." Markman Order 6. It may be that the settlement agreement covers the ASO EVO if it is covered by any terms of the '486 patent. But as explained above, the court's Markman Order was not intended to bind the parties as to plaintiff's breach of contract claim. Defendant should rest assured that it will have its day in court.

Finally, MSI contends the court erred in its statement from the Markman Order that "plaintiff's liability to defendants is now ripe for disposition" without first allowing briefing on substantive North Carolina contract law and Supreme Court precedent disallowing royalty payments for expired patents. As explained above, the Markman Order was exactly that, a Markman Order. It construed the patent terms for the upcoming trial- nothing more, nothing less. To the extent that defendant believes it has a valid argument, it is free to raise such argument in its upcoming summary judgment motion. But at this stage of the litigation, the court will not revisit its claim construction order to rule on this issue relating to contract interpretation.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Clarification and Reconsideration of Claim Construction Order (#50) is **DENIED**.

Signed: April 3, 2013

Max O. Cogburn Jr.
United States District Judge